STATE OF NORTH CAROLINA

WILSON COUNTY

ROBIN HAWTHORN,

      *Plaintiff,*

v.

HARRIS TEETER, LLC

      *Defendant*

IN GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
26CV
26CV003326-970

FILED
DATE: August 6, 2026
TIME: 12:13:06 PM
WILSON COUNTY
CLERK OF SUPERIOR COURT
BY: K. Bentley

)
)
)
)
)
)
)
)
)
)

**COMPLAINT**
(Jury Trial Requested)

NOW COMES Plaintiff, by and through counsel, who alleges and says as follows:

## PARTIES, VENUE AND JURISDICTION

1. Plaintiff, Robin Hawthorn ("Plaintiff"), currently resides in Albuquerque, New Mexico.

2. Defendant Harris Teeter, LLC ("Harris Teeter"), is a limited liability company authorized to transact business in the State of North Carolina and regularly conducts substantial business within Mecklenburg County, North Carolina.

3. At all times relevant hereto, Defendant owned, operated, managed, controlled, maintained, supervised, inspected, staffed, and was otherwise responsible for the Harris Teeter grocery store located at 7823 Colony Road, Charlotte, Mecklenburg County, North Carolina ("the Store").

4. At all times relevant hereto, Defendant invited members of the public, including Ms. Hawthorn, to enter the Store for Defendant's financial benefit and to purchase goods offered for sale.

5. At all times relevant hereto, Ms. Hawthorn was lawfully upon Defendant's premises as a business invitee.

1

6. Defendant owed Ms. Hawthorn and every other business invitee the duty to exercise ordinary care to maintain its premises in a reasonably safe condition and to protect invitees from unreasonable risks of harm that Defendant knew or, through the exercise of reasonable care, should have known existed.

7. Defendant knew that the produce department presented safety considerations different from many other areas of the Store because customers are expected to handle, inspect, remove, replace, and transport produce while shopping.

8. Defendant knew that ordinary customer handling of produce foreseeably results in produce occasionally reaching customer walking surfaces.

9. Defendant knew that produce located on customer walking surfaces creates a foreseeable slipping hazard capable of causing serious injury to customers lawfully shopping within the Store.

10. Defendant further knew that produce-related slip hazards are recurring conditions encountered in the operation of grocery stores and therefore required a systematic approach to hazard prevention, hazard recognition, hazard correction, employee training, supervision, and customer protection.

11. Consistent with that knowledge, Defendant developed policies, procedures, merchandising standards, inspection practices, employee training, operational requirements, and other safety measures directed toward reducing the risk of customers encountering produce-related hazards.

12. Defendant further recognized that customer safety is best protected by preventing foreseeable hazards from reaching customer walking surfaces whenever reasonably possible.

13. Where a foreseeable hazard cannot reasonably be eliminated before customers are exposed to it, Defendant knew that reasonable safety practices require implementation of appropriate engineering controls, physical barriers, or other protective measures to reduce customer exposure to the hazard.

2

14.     Where a foreseeable hazard cannot immediately be eliminated or otherwise isolated from customer exposure, Defendant knew that reasonable safety practices require timely warnings together with prompt hazard correction until the hazard has been removed.

15.     Defendant further recognized that inspections, employee observations, and hazard removal procedures are administrative safety measures intended to identify and correct hazards that remain after reasonable preventive measures have been implemented, and are not substitutes for reasonable hazard prevention.

16.     Despite possessing this knowledge and implementing safety systems intended to address recurring produce-related hazards, Defendant failed to exercise reasonable care in the ownership, operation, management, maintenance, supervision, inspection, staffing, and control of the Store as more fully alleged herein.

17.     At all times relevant herein, the employees, servants, and agents of defendant Harris Teeter were acting within the course and scope of their agency and/or employment.

18.     Defendant is liable for any negligent acts or omissions committed by its employees and agents, pursuant the doctrine of *respondeat superior*.

19.     On January 21, 2025, Ms. Hawthorn filed a lawsuit against Defendant in Mecklenburg County Superior Court (25CV003331-590), alleging that Defendant's negligence proximately and foreseeably caused Ms. Hawthorn to suffer personal injuries and damages for pain and suffering.

20.     On January 21, 2026, Ms. Hawthorn voluntarily dismissed her lawsuit ***without prejudice.***

21.     Pursuant to N.C. Gen. Stat. § 1A-1, Rule 41, Ms. Hawthorn now refiles this action against Defendant within one year of her prior dismissal without prejudice.

3

22. This Court has original jurisdiction in this action pursuant to N.C. Gen. Stat. § 1-75.4 and N.C. Gen. Stat. § 7A-243.

23. Venue for this case is proper in Mecklenburg County pursuant to N.C. Gen. Stat. § 1-82.

## FACTS

24. Plaintiff incorporates by reference all preceding paragraphs.

25. Long before Ms. Hawthorn's injuries, Defendant knew that produce departments presented recurring hazards different from those presented by many other departments within its grocery stores.

26. Defendant knew that customers routinely handle, inspect, remove, replace, and transport produce while shopping and that such ordinary customer activity foreseeably results in produce reaching customer walking surfaces.

27. Defendant knew that grapes and other produce may fall from displays, shopping carts, produce bags, employee stocking activities, customer handling, or other ordinary store operations.

28. Defendant knew that produce located on customer walking surfaces creates a foreseeable and unreasonable risk that customers may slip, fall, and suffer serious injury.

29. Defendant acquired this knowledge through years of operating grocery stores, employee observations, customer complaints, incident reports, claims, litigation, inspections, audits, operational reviews, safety evaluations, and other sources of information available in the ordinary course of its business.

30. Defendant further acquired knowledge concerning recurring produce-related hazards through the operation of its stores within North Carolina and through the operation of the subject Store.

4

31. Defendant recognized that recurring produce-related hazards required systematic prevention rather than merely responding after hazards reached customer walking surfaces.

32. Defendant knew that effective customer safety requires reasonably safe merchandising practices together with reasonably effective inspection procedures.

33. Defendant further knew that inspections alone cannot prevent produce-related customer injuries unless reasonable measures are first taken to reduce the likelihood that produce reaches customer walking surfaces.

34. Defendant knew that safer merchandising practices, engineering controls, operational procedures, employee training, supervision, staffing, inspections, and hazard correction all work together as components of an effective customer safety system.

35. Defendant developed policies, procedures, merchandising standards, inspection protocols, employee training, operational practices, and other safety measures because it recognized the recurring nature of produce-related customer hazards.

36. Defendant knew, or in the exercise of reasonable care should have known, that the effectiveness of those safety measures depended upon their consistent implementation and enforcement.

37. Despite possessing years of institutional knowledge concerning recurring produce-related hazards, Defendant failed to implement and maintain a customer safety system reasonably sufficient to protect Plaintiff and other business invitees from foreseeable produce-related hazards.

38. As a direct and foreseeable result of Defendant's acts and omissions, Plaintiff was exposed to the very type of recurring hazard Defendant knew could occur within its produce departments.

5

39. Before Ms. Hawthorn's injuries, Defendant exercised control over the design, operation, merchandising, inspection, maintenance, and safety practices utilized within its produce departments.

40. Defendant determined how produce would be displayed, stocked, packaged, presented, inspected, and maintained for customer purchase.

41. Defendant further determined the policies, procedures, merchandising standards, staffing levels, inspection practices, employee training, and operational requirements applicable to its produce departments.

42. Defendant knew that the manner in which produce is displayed and merchandised directly affects the likelihood that produce will reach customer walking surfaces.

43. Defendant knew that reasonably safer methods of reducing produce-related hazards include eliminating the hazard where reasonably feasible, implementing engineering or physical controls to reduce customer exposure, isolating or protecting customers from known hazards that cannot immediately be eliminated, providing adequate warnings when hazards remain present, and maintaining effective inspection and hazard correction procedures.

44. Defendant knew that inspections and cleanup procedures are administrative safety measures intended to supplement, and not replace, reasonable hazard prevention measures.

45. Defendant knew that the effectiveness of any inspection system depends upon employees discovering a hazard before a customer encounters it.

46. Defendant further knew that reliance solely upon inspections, without reasonably addressing recurring produce-related hazards through appropriate preventative measures, increases the likelihood that customers will encounter produce on walking surfaces.

6

47. Defendant possessed the ability to evaluate, develop, implement, modify, or improve its merchandising practices, engineering controls, floor surfaces, inspection procedures, employee training, staffing, supervision, and other operational practices to reduce foreseeable produce-related hazards.

48. Defendant further possessed the ability to monitor the effectiveness of those measures through customer incidents, employee observations, inspections, audits, safety reviews, operational evaluations, and other information generated in the ordinary course of its business.

49. Defendant nevertheless failed to exercise reasonable care in designing, implementing, maintaining, supervising, auditing, and improving its produce department safety systems despite its knowledge of the recurring hazards associated with produce departments.

50. As a direct and foreseeable result of Defendant's corporate decisions and failures to implement a reasonably safe and effective hazard prevention system, Ms. Hawthorn was exposed to the very hazard Defendant knew was reasonably foreseeable

51. At all times relevant hereto, the Colony Road Store operated pursuant to Harris Teeter's corporate policies, procedures, merchandising standards, operational requirements, inspection protocols, employee training, and customer safety practices.

52. The Colony Road Store was expected to implement Harris Teeter's customer safety system on a daily basis through its managers, supervisors, produce department employees, and other personnel.

53. Defendant required the Colony Road Store to inspect customer walking surfaces, identify produce-related hazards, promptly remove hazards, document inspections as required, supervise employee compliance, and maintain customer walking areas in a reasonably safe condition.

7

54. Defendant further required the Colony Road Store to implement Harris Teeter's merchandising standards, produce display requirements, employee training, staffing practices, and customer safety procedures within the produce department.

55. Prior to Ms. Hawthorn's injuries, Defendant knew, or in the exercise of reasonable care should have known, that produce had previously reached customer walking surfaces within the Colony Road Store and that such occurrences were reasonably foreseeable during ordinary store operations.

56. Prior to Ms. Hawthorn's injuries, Defendant knew, or in the exercise of reasonable care should have known, that the recurring nature of produce-related hazards at the Colony Road Store required continuous implementation and enforcement of its customer safety system.

57. Defendant nevertheless failed to reasonably implement, supervise, monitor, audit, or enforce its own customer safety policies, merchandising standards, inspection procedures, employee training, staffing practices, and hazard prevention measures at the Colony Road Store.

58. Defendant failed to exercise reasonable care by permitting foreseeable produce-related hazards to remain upon customer walking surfaces under circumstances where Defendant knew, or in the exercise of reasonable care should have known, that customers would be exposed to an unreasonable risk of serious injury.

59. Defendant further failed to exercise reasonable care by failing to eliminate foreseeable hazards where reasonably possible, failing to implement reasonable engineering or operational measures to reduce customer exposure to those hazards, failing to adequately protect customers from known recurring hazards, failing to provide adequate warning of hazards that remained present, and failing to timely discover and remove hazards before customers encountered them.

8

60. The failures described herein were not isolated acts or omissions, but represented failures in the implementation and execution of Defendant's customer safety system at the Colony Road Store.

61. As a direct and foreseeable result of those failures, Ms. Hawthorn encountered the precise type of recurring produce-related hazard that Defendant knew, or in the exercise of reasonable care should have known, could occur within its produce department.

62. On or about November 7, 2022, Ms. Hawthorn entered Defendant's Colony Road Store during normal business hours for the purpose of purchasing groceries and other merchandise offered for sale.

63. At all times relevant hereto, Ms. Hawthorn was lawfully upon Defendant's premises as a business invitee.

64. While shopping within Defendant's produce department in the manner intended and expected by Defendant, Ms. Hawthorn walked upon a customer walkway provided and maintained by Defendant for use by its customers.

65. As Ms. Hawthorn proceeded through the produce department, she encountered produce located upon the customer walking surface.

66. The produce had reached the customer walking surface before Ms. Hawthorn encountered it.

67. Defendant knew, or in the exercise of reasonable care should have known, that the produce had reached the customer walking surface before Ms. Hawthorn encountered it.

68. Defendant failed to remove the produce before Ms. Hawthorn encountered the hazard.

9

69.     Defendant failed to otherwise eliminate, isolate, guard against, or adequately warn of the hazard before Ms. Hawthorn encountered it.

70.     As Ms. Hawthorn proceeded through the produce department in the manner reasonably anticipated by Defendant, Ms. Hawthorn slipped upon the produce and fell violently to the floor.

71.     As a direct result of the fall, Ms. Hawthorn sustained serious, painful, permanent, and disabling injuries, together with other damages described herein.

72.     Plaintiff's injuries were the direct and foreseeable result of Defendant's failure to exercise reasonable care in implementing and maintaining a reasonably safe customer safety system within its produce department.

73.     The occurrence giving rise to this action was not the result of an unavoidable condition but occurred after Defendant had acquired knowledge that produce-related hazards were recurring conditions requiring reasonable preventative measures to protect its customers.

## CLAIM ONE: NEGLIGENCE

74.     Plaintiff incorporates by reference all preceding paragraphs.

75.     At all times relevant hereto, Defendant owed Plaintiff the duty to exercise ordinary care to maintain its premises in a reasonably safe condition and to protect Plaintiff from unreasonable and foreseeable risks of harm.

76.     Defendant breached that duty by failing to exercise reasonable care in the ownership, operation, maintenance, inspection, supervision, staffing, merchandising, and management of its produce department.

77.     More specifically, Defendant was negligent in one or more of the following respects:

10

a. Failing to eliminate foreseeable produce-related hazards where such hazards could reasonably have been eliminated;

b. Failing to implement reasonably safe merchandising practices designed to reduce the likelihood that produce would reach customer walking surfaces;

c. Failing to implement reasonable engineering or physical controls designed to reduce customer exposure to foreseeable produce-related hazards;

d. Failing to utilize reasonably safe methods of displaying, stocking, containing, packaging, or merchandising produce;

e. Failing to maintain customer walking surfaces in a reasonably safe condition;

f. Failing to implement and maintain a reasonably effective hazard prevention system;

g. Failing to implement and enforce reasonable inspection procedures sufficient to discover foreseeable hazards before customers encountered them;

h. Failing to conduct inspections at reasonable intervals under the circumstances then existing;

i. Failing to adequately train employees regarding recurring produce-related hazards;

j. Failing to adequately supervise employees responsible for customer safety within the produce department;

k. Failing to adequately staff the produce department so that customer safety procedures could be reasonably implemented;

l. Failing to identify and correct recurring produce-related hazards of which Defendant knew or should have known;

m. Failing to remove produce from customer walking surfaces within a reasonable period of time;

11

n. Failing to isolate, barricade, or otherwise protect customers from known hazards that had not yet been removed;

o. Failing to provide adequate warning of hazards that remained present within customer walking areas;

p. Failing to reasonably monitor compliance with Defendant's own safety policies, inspection procedures, merchandising standards, and customer safety requirements;

q. Failing to reasonably evaluate the effectiveness of its customer safety system despite possessing information concerning recurring produce-related hazards;

r. Failing to implement reasonable corrective measures despite knowledge of recurring produce-related hazards;

s. Failing to act as a reasonably prudent grocery store operator would have acted under the same or similar circumstances; and

t. Failing to exercise ordinary care in the ownership, operation, maintenance, supervision, inspection, staffing, merchandising, and management of the premises.

78. Each of the foregoing acts and omissions, whether considered separately or collectively, constituted negligence.

79. Defendant's negligence directly and proximately caused Plaintiff to sustain the injuries and damages alleged herein.

80. Defendant knew, or in the exercise of reasonable care should have known, that its failures created an unreasonable risk of serious injury to customers lawfully shopping within its produce department.

81. Ms. Hawthorn's injuries were the direct, natural, and foreseeable result of Defendant's negligence.

12

82. Defendant's negligence was not limited to the failure to discover a hazard after it reached the floor but included the failure to reasonably prevent foreseeable hazards from reaching customer walking surfaces, the failure to protect customers from those hazards once present, and the failure to implement and enforce a reasonably effective safety system despite possessing years of institutional knowledge concerning the recurring nature of those hazards.

83. The injuries sustained by Ms. Hawthorn were reasonably foreseeable consequences of Defendant's acts and omissions as alleged herein.

84. Long before Ms. Hawthorn's Incident, Defendant knew, or in the exercise of reasonable care should have known, that customers shopping within produce departments would routinely handle, inspect, remove, replace, and transport produce while selecting merchandise.

85. Defendant further knew, or in the exercise of reasonable care should have known, that such ordinary customer activity foreseeably results in produce reaching customer walking surfaces from time to time.

86. Defendant further knew, or in the exercise of reasonable care should have known, that produce located upon customer walking surfaces creates a foreseeable and unreasonable risk that customers lawfully shopping within its stores may slip, fall, and sustain serious injury.

87. Defendant further knew, or in the exercise of reasonable care should have known, that the very purpose of its merchandising standards, engineering decisions, inspection procedures, employee training, staffing requirements, supervision, hazard correction procedures, and customer safety policies was to reduce the likelihood that such injuries would occur.

88. Ms. Hawthorn's injuries were the natural, direct, and foreseeable consequence of Defendant's failure to exercise reasonable care in implementing and maintaining a reasonably safe customer safety system.

13

89. Had Defendant exercised reasonable care by eliminating foreseeable hazards where reasonably feasible, implementing reasonable engineering or operational controls, isolating or protecting customers from known hazards, providing adequate warnings when hazards remained, and implementing reasonably effective inspection and hazard correction procedures, Ms. Hawthorn's injuries would not have occurred.

90. As a direct and proximate result of Defendant's negligence, Ms. Hawthorn sustained severe and permanent bodily injuries, experienced substantial physical pain and suffering, mental and emotional distress, incurred medical expenses, sustained permanent impairment, suffered loss of enjoyment of life, and has sustained and will continue to sustain other damages.

91. Ms. Hawthorn has incurred medical expenses in the past and will continue to incur medical expenses in the future.

92. Ms. Hawthorn has experienced pain, suffering, inconvenience, and diminished quality of life and will continue to do so in the future.

93. Ms. Hawthorn has sustained permanent injuries, loss of use of a body part as defined in the NC Pattern jury instructions and permanent impairment.

94. Ms. Hawthorn has suffered all other damages recoverable under the laws of the State of North Carolina in an amount to be determined by the jury.

95. Finally, Ms. Hawthorn, an artist skilled at metalwork, is unable to work with metal as effectively as she did before her life-changing injury at Harris Teeter on November 7, 2022, and this impairs her mental health and her quality of life.

## POST-INCIDENT KNOWLEDGE, INVESTIGATION, AND PRESERVATION OF EVIDENCE

96. Plaintiff incorporates by reference all preceding paragraphs.

97. Defendant maintained an electronic surveillance system that recorded portions of the customer shopping areas within the Colony Road Store, including the area where Plaintiff was injured.

98. Upon information and belief, Defendant's surveillance system captured video footage depicting Plaintiff's Incident.

99. Upon information and belief, Defendant's surveillance system permitted store management to review video footage from the Store within the manager's office.

100. At all times relevant, Defendant maintained written or unwritten policies and procedures governing the preservation of surveillance video.

101. Upon information and belief, Defendant's surveillance system ordinarily retained video recordings for approximately twenty-one (21) days unless affirmatively preserved.

102. Upon information and belief, following Plaintiff's Incident, Defendant's Asset Protection personnel, management personnel, or other employees acting within the course and scope of their employment were responsible for determining whether surveillance footage would be preserved.

103. At the time of Plaintiff's Incident, Eric Newball was the Store Manager of the Colony Road Store and Deanna Ferrell was the Assistant Store Manager.

104. At all times relevant hereto, the Colony Road Store contained approximately 48,249 square feet of retail space.

105. On or about November 14, 2022, Plaintiff, through counsel, notified Defendant in writing of Plaintiff's personal injury claim and specifically requested that Defendant preserve all evidence relating to the Incident, including surveillance video, incident reports, photographs, electronically stored information, and all other documents or materials concerning Plaintiff's injuries.

15

106. Defendant acknowledged receipt of Plaintiff's preservation correspondence on or about November 15, 2022.

107. A true and accurate copy of Plaintiff's preservation correspondence is attached hereto as **Exhibit A** and incorporated herein by reference.

108. At all times following receipt of Plaintiff's preservation correspondence, Defendant knew, or in the exercise of reasonable care should have known, that the evidence identified therein was relevant to anticipated litigation and should be preserved in accordance with Defendant's preservation obligations.

109. Upon information and belief, Defendant possessed the ability to identify, preserve, review, copy, export, and maintain surveillance footage depicting Plaintiff's Incident and the events preceding and following the Incident.

**WHEREFORE**, the Plaintiff prays unto the Court as follows:

1. That Plaintiff recover from Defendant damages on account of her personal injuries, in an amount in excess of $25,000.00;

2. That Plaintiff recover from Defendant all costs of this action, including but not limited to pre-judgment and post-judgment interest, and attorney fees, as allowed by law.

3. For a trial by Jury on all issues of fact; and

4. For such other and further relief as the Court deems just and proper.

This 6th day of August 2026.

**THE ODOM FIRM, PLLC**

Thomas L. Odom, Jr., NCSB# 15604
Martha C. Odom, NCSB# 20643
1109 Greenwood Cliff
Charlotte, NC 28204
P: (704) 377-7333
*tommyodom@mecklaw.com*
*marthaodom@mecklaw.com*

**O'MALLEY TUNSTALL, PC**

Joseph P. Tunstall, III, NCSB# 29477
P.O. Box 1158
Tarboro, NC 27886
P: (252) 823-2266
*jptunstall@omalleytunstall.com*

16